IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO
                          Judge Robert E. Blackburn

Civil Case No. 08-cv-02144-REB-MJW

DEBORAH SALAZAR,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey insurance company, and
INTERMOUNTAIN RURAL ELECTRIC ASSOCIATION LONG TERM DISABILITY PLAN, an ERISA welfare benefit plan,

    Defendants.

---

### TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

    Pursuant to **D.C.COLO.LCivR 43.1**, and **REB Civ. Practice Standard IV.A.1.**, the court enters this **Trial Preparation Conference Order**.

    **IT IS ORDERED** as follows:

    1. That trial to the court shall commence **October 5, 2009**, at 9:00 a.m., in courtroom A701, at which all parties shall appear in person without further notice, order, or subpoena;

    2. That the court reserves one (1) day for trial;

    3. That counsel and any *pro se* party shall appear in courtroom A701 on the first day of trial, at 8:30 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

    4. That the **Trial Preparation Conference** required by REB Civ. Practice

1

Standard IV.C.1., shall commence on **October 2, 2009**, at 9:30 a.m., in courtroom A701;

5. That lead counsel and any *pro se* party shall attend the Trial Preparation Conference;

6. That at the outset of the Trial Preparation conference, each party shall submit the Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) and shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

7. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. identification of "will call" and "may call" witnesses;

    b. the estimated time for direct examination of each "will call" witness;

    c. the pronunciation of problematic party's and witness' names;

    d. use of deposition testimony;

    e. use of video depositions:

        1. resolution of objections;

    2. pretrial redaction, if necessary; and

    3. arrangements for necessary equipment to broadcast the deposition;

  f. the allocation of trial time between the parties;

  g. identification of all persons permitted to be seated at each party's table [Please review Fed.R.Evid. 615];

  h. the names or monikers that may be used when referring to a party or a witness;

  i. the admission of stipulated exhibits or exhibits about which there are no objections;

  j. anticipated evidentiary issues; and

  k. requests or requirement for trial briefs;

8. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

9. That opening statements shall be limited to **thirty (30)** minutes per party;

10. That pursuant to REB Civ. Practice Standard III.D.4.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

11. That in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

12. That consistent with Fed.R.Evid. 103(a)(2), once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a request

that the court note a standing or continuing objection to that same evidence will not be granted;

      13. That if permitted, closing argument shall be limited to forty-five **(45)** minutes total for each party; and

      14. That pursuant to REB Civ. Practice Standard IV.C.2.b., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the trial preparation conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

      Dated December 15, 2008, at Denver, Colorado.

      **BY THE COURT:**

      s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**